## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                                                 DEPT. OF THE TRIAL COURT
                                                                                           SUPERIOR COURT

KEVIN MERRY,

                Plaintiff,

v.                                                                                   CIVIL ACTION NO. _____

JETBLUE AIRWAYS CORPORATION and
G2 SECURE STAFF, L.L.C.,

                Defendants.

## **COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, KEVIN MERRY (hereinafter "Merry" or "Plaintiff"), who brings this tort action for negligence, gross negligence, and negligent hiring and training against Defendants JETBLUE AIRWAYS CORPORATION (hereinafter "JetBlue") and G2 SECURE STAFF, L.L.C. (hereinafter "G2"). On October 17, 2022 Merry was scheduled to take a flight from Logan Airport to Orlando aboard a JetBlue flight and had arranged for assistance with boarding as he was wheelchair bound. Proper assistance was not provided, and Plaintiff was dropped by a JetBlue and G2 employee when they attempted to transfer him from his electric wheelchair into one that could be used to board the plane. As a result of the fall, Merry sustained serious personal injuries with permanent effects. Plaintiff now seeks damages for personal injuries, medical expenses, pain and suffering, lost wages and emotional distress.

## **PARTIES**

1. Plaintiff, Kevin Merry, is an individual who resides in South Hampton, New Hampshire.

2. Defendant, JETBLUE AIRWAYS CORPORATION, is a foreign corporation, registered in the Commonwealth of Massachusetts with a principal place of business at 500 Terminal E, E. Boston, Massachusetts. According to corporate filings, Corporation Services Company, located at 84 State Street, Boston, MA 02109 is its authorized Resident Agent.

3.  Defendant, G2 SECURE STAFF, L.L.C. is a foreign limited liability company registered in the Commonwealth of Massachusetts with a service address within the Commonwealth of Capitol Corporate Services, Inc., 1157 Tucker Road, Dartmouth, MA 02747.

## JURISDICTION AND VENUE

4.  The jurisdiction of this Court is lawful and proper as Plaintiff's injuries occurred in the Commonwealth of Massachusetts, and Defendants are registered and operating within the Commonwealth of Massachusetts.

5.  Venue in Suffolk County Superior Court is lawful and proper as the incident occurred in East Boston, Massachusetts, a town within Suffolk County, with damages exceeding the jurisdictional limits of the lower Courts.

## FACTS

6.  Kevin Merry is a 49 year-old male who was diagnosed with multiple sclerosis in 2010. As a result of this, he lost use of his lower legs and difficulty controlling his upper body. Because of his medical condition Merry, now and at the time of the accident herein, requires the use of an electric wheelchair.

7.  On October 17, 2022 Merry and his family planned to travel from Boston Logan Airport to Orlando for vacation aboard a JETBLUE flight.

8.  Prior to his arrival at the airport on October 17, 2022, Merry contacted JETBLUE to arrange for assistance transferring him from his electric wheelchair, into a wheelchair that could be used to access the plane.

9.  Merry called ahead as he is a larger person, and knew that more than one, strong, trained employee would be needed to transfer him from his wheelchair to an airplane accessible wheelchair and then, into his seat on the plane.

10. When the time came for Merry to be transferred from his wheelchair, a young woman appeared. Merry was not confident that the woman would be able to assist him on her own, and he expressed that concern to her and the JETBLUE personnel who were in the area.

11. Upon information and belief, the woman who came to assist with Merry's transfer was an employee of Defendant, G2 Secure Staff, L.L.C.

12. While the events were unfolding, Merry expressed a concern over the wheelchair that was being provided, as it seemed inadequate and unstable, and lacked a brake.

13. Merry also advised the woman and JETBLUE personnel that he had called ahead to ensure that persons with the training and physical abilities to assist him would be present when it was time to board the plane.

14. Seeing that there was a problem, a JETBLUE gate agent offered to assist the young woman in transferring Merry from his wheelchair, into the airplane accessible wheelchair.

15. Merry voiced his concerns but was assured everything would be "OK".

16. As the JETBLUE employee and young woman from G2 were attempting to transfer MERRY, they dropped him, causing serious personal injuries and embarrassment.

17. Due to his already compromised medical condition, Merry did not immediately appreciate the severity of the injuries sustained, so he was eventually able to board the plane and fly to Florida.

18. During the flight, Merry's pain increased, and he was extremely uncomfortable throughout the flight, and his time in Florida. As time progressed, he had bruising and other noticeable injuries, as well as increased pain in his back and legs.

19. As a result of being dropped, Plaintiff suffered, amongst other physical and emotional injuries, severe back pain and developed a blood clot in his leg.

20. As a direct and proximate result of Defendants' negligence and gross negligence, Plaintiff suffered damages, including physical and emotional injuries, medical expenses and lost earnings.

## COUNT I

*Negligence v. Defendants*

21. The Plaintiff repeats, realleges, and incorporates by reference as if set forth hereto in their entirety the preceding paragraphs of this Complaint.

22. On October 17, 2022 and at all times hereinafter mentioned, Defendants owed Plaintiff a duty of care.

23. On October 17, 2022 and at all times hereinafter mentioned, Defendants owed Plaintiff a duty to conduct themselves in a manner that would not cause injury to the Plaintiff.

24. On October 17, 2022 and at all times hereinafter mentioned, Defendants owed Plaintiff a duty to employ properly trained employees to assist persons with disabilities.

25. On October 17, 2022 and at all times hereinafter mentioned, Defendants owed Plaintiff a duty to properly train their employees on how transfer individuals who are disabled.

26. On October 17, 2022 and at all times hereinafter mentioned, Defendants breached their duty and were negligent in one or more of the following ways:

    a. By failing to provide adequately trained employees;
    b. By failing to provide proper equipment;

    c. By failing to provide employees with the physical ability to perform the task at hand;
    d. By failing to provide a sufficient number of employees to perform the task at hand;
    e. By failing to take any steps to avoid the accident; and
    f. By conducting its business unsafely and recklessly.

27. Defendants' negligence is both the direct and proximate cause of Plaintiff's injuries and damages.

28. As a result of Defendants' negligence as alleged herein, Plaintiff sustained injuries of the body and mind, and incurred expenses for medical care and attendants, as well as lost wages.

    **WHEREFORE**, the Plaintiff, Kevin Merry, demands judgment against the Defendants on Count I of Plaintiff's Complaint, plus interest and costs of this action.

## COUNT II

*Gross Negligence v. Defendants*

29. The Plaintiff repeats, realleges, and incorporates by reference as if set forth hereto in their entirety the preceding paragraphs of this Complaint.

30. On October 17, 2022 and at all times hereinafter mentioned, Defendants owed Plaintiff a duty of care.

31. The manner in which the defendants acted on October 17, 2022 created an unreasonable risk of harm to the Plaintiff.

32. Defendants were or should have been aware of the risks involved in transferring a disabled person, and failed to take any remedial action before Plaintiff's accident.

33. Defendants' failure to take any remedial action despite being on notice of the Plaintiff's needs on the date of accident, constitutes gross negligence.

34. On October 17, 2022 and at all times hereinafter mentioned, Defendants breached their duty of care and were grossly negligent in one or more of the following ways:

    a. By failing to provide adequately trained employees;
    b. By failing to provide proper equipment;
    c. By failing to provide employees with the physical ability to perform the task at hand;
    d. By failing to provide a sufficient number of employees to perform the task at hand;
    e. By failing to take any steps to avoid the accident; and
    f. By conducting its business unsafely and recklessly.

35. Defendants' gross negligence is both the direct and proximate cause of Plaintiff's injuries and damages.

36. As a result of Defendants' gross negligence as alleged herein, Plaintiff sustained injuries of the body and mind, and incurred expenses for medical care and attendants, as well as lost wages.

**WHEREFORE**, the Plaintiff, Kevin Merry, demands judgment against the Defendants on Count II of Plaintiff's Complaint, plus interest and costs of this action.

## COUNT III

*Negligent Hiring and Training v. Defendants*

37. The Plaintiff repeats, realleges, and incorporates by reference as if set forth hereto in their entirety the preceding paragraphs of this Complaint.

38. On October 17, 2022 and at all times hereinafter mentioned, Defendants owed Plaintiff a duty to use reasonable care in the hiring of employees.

39. On and before October 17, 2022 and at all times hereinafter mentioned, Defendants owed Plaintiff a duty to use reasonable care in the training of their employees.

40. On and before October 17, 2022 and at all times hereinafter mentioned, Defendants owed Plaintiff a duty of care to hire and train their employees in how to safely assist persons who are disabled.

41. On and before October 17, 2022 and at all times hereinafter mentioned, Defendants owed Plaintiff a duty to hire and train their employees in how to safely assist persons who are disabled in transferring them from their own wheelchair, into a wheelchair that is necessary for access to an airplane.

42. On October 17, 2022 and at all times hereinafter mentioned, Defendants breached their duty to the Plaintiff in that the employees who assisted the Plaintiff were inadequately trained.

43. On October 17, 2022 and at all times hereinafter mentioned, Defendants breached their duty to the Plaintiff in that the employees who assisted the Plaintiff were not physically capable to perform the task required.

44. Defendants' negligent hiring and training was the direct and proximate cause of Plaintiff's injuries and damages.

45. As a result of Defendants' negligent hiring and training, as alleged herein, Plaintiff sustained injuries of the body and mind, and incurred expenses for medical care and attendants, as well as lost wages.

**WHEREFORE**, the Plaintiff, Kevin Merry, demands judgment against the Defendants on Count III of Plaintiff's Complaint, plus interest and costs of this action.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS OF HIS COMPLAINT.

Dated: September 9, 2025

Respectfully submitted,
Plaintiff
KEVIN MERRY
Through his Counsel,

*/s/ Michael V. Longo*
Michael V. Longo (BBO # 601054)
ALTMAN NUSSBAUM SHUNNARAH
TRIAL ATTORNEYS
44 School Street – 6th Floor
Boston, Massachusetts 02108
t (857) 239-8161 | f (978) 296-8368
mlongo@anslawyers.com

**Via Personal Service To:**

JETBLUE AIRWAYS CORPORATION
C/O Corporation Services Company
84 State Street
Boston, MA 02109

G2 SECURE STAFF, L.L.C.
C/O Capitol Corporate Services, Inc.
1157 Tucker Road
Dartmouth, MA 02747